**Kriscinda P. (Chilbert) BESECKER, Appellant,**

v.

**Paul J. CHILBERT, Appellee.**

No. 84323.

Court of Appeals of Oklahoma, Division No. 1.

April 19, 1996.

Rehearing Denied June 7, 1996.

Certiorari Denied July 19, 1996.

Kriscinda P. Besecker, Moore, Pro Se.

Rick L. Denker, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Appellant, Kriscinda P. Besecker, and Appellee, Paul J. Chilbert, were divorced per divorce decree dated September 2, 1988, and filed February 3, 1989, in Cleveland County, Oklahoma.

After the entry of the original divorce decree, Appellee filed, in Oklahoma, a motion to modify the decree as to custody. The record reflects that the parties had moved from Oklahoma at that time. Appellant and the children lived in Arizona, and the state of Appellee's residence may be Pennsylvania. Motions were filed in Arizona. The Superior Court of Cochise County, state of Arizona, granted a change of venue to Arizona, and the Oklahoma court declined to continue to exercise jurisdiction. An order entered April 3, 1989, in Arizona, recites the parties decided to abide by the Oklahoma divorce decree with regard to visitation. Later, on April 23, 1993, the Arizona court entered an order which reflected an eight-day trial had been held on issues of custody and visitation. As important here, the Arizona court ordered Appellee's visitation to be supervised.

On September 3, 1993, the Arizona court entered an order, apparently in response to the previous motion filed by Appellee for modification of visitation and child support. The court ordered visitation to continue "as previously stated by this Court", and, the matter of child support was taken under advisement. In this September 3, 1993, order, the court advised both parties that it would no longer continue to exercise jurisdiction in Arizona due to the change of residence of both parties to different and separate states. Appellant and the children again resided in Oklahoma. On September 29, 1993, the Arizona court ordered Appellee to pay $1,073.00 per month in child support.

Appellee's next attempt to modify visitation was the October 27, 1993 motion filed in Oklahoma, resulting in the order from which this appeal was commenced. On December 2, 1993, a hearing was held on the motion. A minute order was entered, reciting the hearing and stating that the parties agreed to file stipulations of fact and offers of proof to the court who would take the matter under advisement and rule "on issues of visitation (supervised or not), child support, support abatement during summer visitation and travel expense." On August 15, 1994, the court entered an order which, *inter alia,*

modified Appellee's child support and changed the status of his visitation to unsupervised. This appeal followed.

For reversal, Appellant contends:

1. The trial court erred by modifying visitation rather than modifying type of visitation (supervised or unsupervised) in direct opposition to 43 O.S.1991 § 524 and the minute order dated December 2, 1993;

2. The trial court erred in ruling on tax exemptions which were not based on criteria set forth in the December 2, 1993 minute order, or Internal Revenue Code 152.

43 O.S.1991 § 524, provides:

If a custody decree has been rendered in another state concerning a child involved in a custody proceeding pending in a court of this state, *the court of this state* upon taking jurisdiction of the case *shall request* of the court of the other state a certified copy of the transcript of any court record and other documents mentioned in Section 23 of this act. (Emphasis added).

Appellee responds to proposition one, in part, with the argument that the record contains no indication a custody decree was rendered in another state to trigger the application of 43 O.S.1991 § 524, contained in the Oklahoma Uniform Child Custody Jurisdiction Act, 43 O.S.1991 § 501 et seq (UCCJA). He contends the only modifications by the Arizona court to the original Oklahoma divorce decree affected visitation and child support, not custody.

The term "custody decree", as used in § 524, is defined by § 504(4) of the UCCJA:

4. "Decree" or "custody decree" means a *custody determination* contained in a judicial decree or order made in a custody proceeding, and includes an initial decree or a modification decree;

"Custody determination" is defined by subsection 2 of § 504:

2. "Custody determination" means a court decision and court orders and instructions providing for the custody of a child, *including visitation rights;* it does not include a decision relating to child support or any other monetary obligation of any person; . . . . (Emphasis added).

Clearly, § 524 includes visitation which the Arizona court specifically addressed in its order of April 23, 1993. That court said:

7. The father lacks some parenting skills and often has difficulty in determining what course of action will be in the children's best interest. The record is replete with instances in which the father has made choices that were not in the children's best interest.

8. Because of the foregoing, the father is directed to secure psychological counseling and attend parenting classes.

9. Visitation for 1993 shall be with the father's parents with no overnight visitation until this Court has a psychological report in hand indicating that the father is emotionally prepared to assume this responsibility. Additionally a diploma from a parenting class is required.

In the order on appeal, the Oklahoma court found there had been a permanent, material and substantial change of condition sufficient to modify the divorce decree as to visitation and ordered Appellee's visitation was to be unsupervised. Without having the evidence and other documents from the Arizona court which formed the basis of that court's orders requiring visitation to be supervised, and changing the amount of child support, the trial court in Oklahoma ordered his visitation to be unsupervised. This was error.

Although the record shows both parties agreed to submit the case on stipulations of fact and offers of proof, the record shows Appellant requested a continuance of the trial date on Appellee's motion to modify. One of the reasons cited in her request was the need "to prepare as thoroughly as possible, especially considering that the Courts (sic) files and records in this case are currently in the State of Arizona." We consider it to be the court's duty to obtain the evidence and record from the other jurisdiction. In this case, the record shows Appellant requested the court to do so.

The judgment of the trial court is reversed, and the case is remanded for further proceedings which are consistent with the views expressed in this opinion. It is unnec-

essary to decide the other issues raised by Appellant.

REVERSED AND REMANDED.

JONES, P.J., and JOPLIN, J., concur.